United States District Court
Southern District of Texas
**ENTERED**
November 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAN JUANITA ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00308 |
| | § | |
| ALLEGIANT TRAVEL COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Defendant Allegiant Travel Company's Motion to Dismiss."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, the pleadings, and relevant authorities, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed this case on August 12, 2020 in Hidalgo County court.[3] Defendant subsequently removed the case to this Court on October 6, 2020.[4] Plaintiff's sole cause of action in this case is Defendant's alleged violation of 14 C.F.R. § 382, which Plaintiff provides carries a "maximum civil penalty" of $34,174 under 49 U.S.C. 46301(a)(1).[5] Plaintiff further argues that she is entitled to the civil penalty amount as "restitution."[6]

---

[1] Dkt. No. 4.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-2.
[4] Dkt. No. 1.
[5] Dkt. No. 1-2 at 6.
[6] *Id*.

Defendant filed its motion to dismiss on October 13, 2020, arguing that Plaintiff's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[7]

The motion is ripe for consideration. The Court turns to its analysis.

## II. Discussion

### a. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1331.

### b. Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[8] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] The Court reads the complaint as a whole[10] and accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff, but will not strain to find inferences favorable to the plaintiff,[11] but also will not indulge competing reasonable inferences that favor the Defendant.[12] Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[13] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted on its face, or if the pleading does not assert enough facts to support a plausible claim for relief.[14]

---

[7] Dkt. No. 4 at 2, ¶ 6.
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008).
[9] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations and citations omitted).
[10] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011).
[11] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[12] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[14] *See In re Katrina*, 495 F.3d at 205.

### c. Analysis

In its motion to dismiss, Defendant argues that Plaintiff's case should be dismissed because the statute under which she brings her sole claim confers no private right of action.[15] The Court agrees.

Plaintiff's sole claim is Defendant's alleged violation of 14 C.F.R. § 382, which is enforceable under 49 U.S.C § 41705, the Air Carrier Access Act (ACAA).[16] On this basis, Plaintiff argues she is entitled to "restitution" equal to the maximum civil penalty for such violations. The Fifth Circuit, however, has unequivocally held that "no private right of action exists to enforce the ACAA in district court."[17]

While the statute "prohibits airlines from discriminating on the basis of disability, it does not expressly provide a right to sue the air carrier."[18] As Plaintiff acknowledges in her reference to the "civil penalty,"[19] the primary remedy for these violations are civil penalties for complaints filed with the Department of Transportation (DOT).[20] "Rather than suing airlines directly, aggrieved passengers are to notify the DOT [of alleged violations] which 'shall investigate each [ACAA] complaint.'"[21] If, after investigation and hearing, the complaint is substantiated, the DOT may impose a civil penalty to be paid to the United States government, not the complainant.[22] "Notably absent from this scheme, however, is a private right to sue in a federal

---

[15] Dkt. No. 4 at 2–3, ¶ 6–9.
[16] Dkt. No. 1-2 at 6.
[17] *Stokes v. Sw. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018).
[18] *Id.* (citing *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011)) (internal quotations omitted).
[19] Dkt. No. 1-2 at 6.
[20] *Stokes*, 887 F.3d at 202 (internal quotations omitted).
[21] *Id.* at 203 (quoting 49 U.S.C. § 46101(a) & § 41705(c)(1)).
[22] *Id.*;. 49 U.S.C. 46301(a)(1).

district court."[23] Furthermore, "every federal court to reach the issue has held that the ACAA's text and structure preclude a private right of action."[24]

As Plaintiff's sole claim is based on Defendant's alleged violation of the ACAA, her complaint fails to state a claim upon which relief can be granted and cannot survive Defendant's Rule 12(b)(6) motion to dismiss.

Accordingly, the Court **GRANTS** Defendant's motion.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion[25] and **DISMISSES WITH PREJUDICE** all of Plaintiff's claims. Each party is to bear its own costs. This case is terminated, and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of November 2020.

                                                  Micaela Alvarez
                                                  United States District Judge

---

[23] *Stokes*, 887 F.3d at 203 (internal quotations and citation omitted).
[24] *Id.* at 202 (internal citations omitted).
[25] Dkt. No. 4.